UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NORMAN E. SKYLES, )
)
         Plaintiff, )
)
    v. ) Case No. 4:08CV1933 AGF
)
MICHAEL J. ASTRUE, Commissioner )
of Social Security, )
)
         Defendant. )

## MEMORANDUM AND ORDER

In this action, Plaintiff Norman Skyles seeks judicial review of an adverse ruling by the Social Security Administration ("SSA") on his application for disability insurance benefits and supplemental security income, pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-434 and §§ 1381-1384f, respectively. Presently pending before the Court[1] is Defendant's motion for summary judgment in which Defendant argues that Plaintiff's action was filed beyond the applicable 60-day statute of limitations of 42 U.S.C. § 405(g).[2] For the reasons set forth below this motion shall be granted.

---

    [1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

    [2] The motion was originally filed as a motion to dismiss. By Order dated June 30, 2009, the Court converted the motion to one for summary judgment and gave the parties time to file additional materials.

## BACKGROUND

Plaintiff filed his application for benefits on February 20, 2003, claiming a disability onset date of December 1, 2002, due to degenerative disk disease. On February 4, 2005, a hearing was held before an Administrative Law Judge ("ALJ"), who issued a decision on March 8, 2005, denying Plaintiff's claim for benefits. On March 15, 2005, Plaintiff filed a request for review by the Appeals Council of the SSA.

In a letter dated September 28, 2005, the Appeals Council wrote to Plaintiff's counsel that it was enclosing "the duplicate recording/recordings" that counsel had requested. The letter stated that counsel could send new and material evidence or a statement of the case within 25 days, and that if the Council did not hear from counsel within 25 days, it would assume that he did not want to send more material, and would proceed with its review of Plaintiff's case. The letter was addressed to Plaintiff's counsel at 690 Missouri Ave., #26, St. Robert, MO 65584, and included a "cc" to Plaintiff at HC 82, Box 61, Salem, MO 65560. (Pl.'s Ex. A.)

By Notice of Decision dated November 18, 2005, the Appeals Council informed Plaintiff that it had denied his request for review, and that the ALJ's decision was thus the final agency action in the case. The Notice also advised Plaintiff that he could seek judicial review within 60 days from when he received the Notice. The Notice was addressed to Plaintiff at the above address with a "cc" to Plaintiff's counsel at his above address. (Def.'s Ex. 2.)

Approximately six months later, on June 7, 2006, Plaintiff's counsel wrote to the

Appeals Council "to appeal" the ALJ's decision of March 8, 2005. This letter presented arguments why the ALJ's decision was not supported by substantial evidence, and stated that a letter from a doctor dated March 21, 2000, was enclosed. (Pl.'s Ex. B.) On August 28 and September 13, 2006, Plaintiff's counsel sent new medical records to the Appeals Council. (Pl.'s Exs. C & D.)

Approximately one and one half years later, on February 27, 2008, Plaintiff's counsel wrote to the Appeals Council inquiring into the status of Plaintiff's appeal of the ALJ's decision. The letter stated that to date neither counsel nor Plaintiff had received a decision. A similar letter was sent by certified mail on August 6, 2008, and received by the SSA on August 9, 2008. (Pl.'s. Exs. E, F, & G.)

On December 18, 2008, Plaintiff filed the instant action seeking judicial review of the Commissioner's final decision. Plaintiff's complaint states that neither Plaintiff nor his counsel received the "formal decision" dated November 18, 2005, until November 17, 2008. (Compl. ¶ 3.)[3] Attached to the complaint are affidavits from Plaintiff and his counsel dated December 4, 2008. Each attests that "no formal denial was ever received from the Office of Disability Adjudication and Review, Appeals Council, dated November 18, 2005." Plaintiff's counsel attests that his mailing address is 690 Missouri Avenue, Suite 26, St. Robert, Missouri 65584, and Plaintiff attests that his mailing address in November 2005 was HC 82, Box 61, Salem, Missouri 65560 -- the same

---

[3] Neither in the complaint, nor in any other filings with the Court, does Plaintiff offer any explanation as to how he received the Notice on November 17, 2008.

addresses used by the SSA.

In support of its motion for summary judgment, Defendant submits the declaration dated May 13, 2009, of an SSA official,[4] who states that his examination of Plaintiff's official case file "shows that" the notice of November 18, 2005, was mailed to Plaintiff at HC 82 Box 61, Salem, MO 65560, on November 18, 2005. The declarant also states that he was not aware of any request by Plaintiff for an extension of time to file an action for judicial review.

In opposition to Defendant's motion, Plaintiff states that his counsel did not receive response to the correspondence sent to the SSA on June 7, August 28, and September 13, 2006; and February 27 and August 5, 2008. Plaintiff's response also notes that the SSA official who reviewed the case file indicated that he was from Branch 4 of Court Case Preparation and Review, while the letter dated September 28, 2005, was from Branch 12 of the Office of Hearings and Appeals. Plaintiff notes that the declaring SSA official did not state that the Notice was copied to Plaintiff's attorney. Plaintiff asks that the Court find he has demonstrated "extraordinary" circumstances that justify denial of Defendant's motion for summary judgment.

## **DISCUSSION**

Title 42 U.S.C. § 405(g) provides for judicial review of final decisions of the Commissioner of Social Security and includes a 60-day statute of limitations for seeking

---

[4] The title of this official is Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, SSA.

such review. Pursuant to § 405(g),

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The relevant regulations provide that a civil action under § 405(g) "must be commenced within 60 days after notice of the Appeals Council decision is received by the individual . . . . except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). The regulations further provide that the date the individual receives notice is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." Id.; see also Cook v. Comm'r of Soc. Sec., 480 F.3d 432, 436 (6th Cir. 2007) (accepting the SSA's interpretation that "mailing" is the same as "receipt" in Social Security cases). Receipt of notice by either the claimant or the claimant's attorney, whichever occurs first, triggers the 60-day limitations period. Bess v. Barnhart, 337 F.3d 988, 990 (8th Cir. 2003) (per curiam).

The 60-day time period is not jurisdictional, but rather constitutes a statute of limitations. Bowen v. City of New York, 476 U.S. 467, 478 (1986). "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Id. at 481. In the absence of equitable tolling, failure to comply with the 60-day limitations period warrants dismissal. Bess, 337 F.3d at 989; Turner v. Bowen, 862 F.2d

708, 710 (8th Cir. 1988) (per curiam).

In this case, the Appeals Council issued a Notice of Decision dated November 18, 2005. The law presumes that Plaintiff and counsel received this Notice within five days after its issuance, that is, not later than November 23, 2005. Plaintiff has offered affidavits by himself and his counsel, along with copies of unanswered correspondence sent by counsel to the SSA after the presumptive receipt date, to show that neither he nor his attorney received the Notice from the SSA until November 17, 2008.

Case law on the issue, however, dictates that this evidence is insufficient to make "a reasonable showing" that neither Plaintiff nor his counsel received the Notice within five days of its date of issuance. See, e.g., Garcia v. Comm'r of Soc. Sec., 53 F. App'x 192, 194 (3rd Cir. 2002) (holding that affidavits by counsel and plaintiff attesting to non-receipt, as well as status inquiry letters sent by counsel to the Appeals Council after presumptive date of receipt, did not create a reasonable showing that the Notice was not received within five days of the date of the notice); Velez v. Apfel, No. 99-6314, 2000 WL 1506193 at *1 (2nd Cir. Oct. 6, 2000) (stating that a "conclusory allegation" of non-receipt does not constitute a reasonable showing); Kinash v. Callahan, 129 F.3d 736, 738 (5th Cir. 1997) (holding that plaintiff's "sworn word that he did not receive th[e] notice is not sufficient, by itself, to rebut the statutory presumption").

In cases in which non-receipt has been judicially acknowledged, the plaintiff offered evidence corroborating his and/or his attorney's denial of receipt. See Ritchie v. Apfel, No. 98-226-B, 1999 WL 1995198, at *1-2 (D. Me. March 11, 1999)(finding that

the affidavit of the defendant's representative confirmed that the defendant did not mail the notice to the most recent address provided by the plaintiff); Wiggins v. Sullivan, No. 90-0806 CIV-KING, 1990 WL 29187, at *1-2 (S.D. Fla. March 15, 1990) (Rep. & Recommendation) (finding that correspondence and return of summons confirmed that the defendant mailed the notice to the wrong address); Dobbs v. Heckler, No. 85 Civ. 0876, 1985 WL 71754, at *1- 4 (E.D.N.Y. July 1, 1985) (finding that the defendant's form, though ambiguous, suggested that the defendant's representative recognized that the plaintiff did not receive the notice).[5]

A recent case from the Eighth Circuit involving an analogous issue is instructive. In American Boat Co. v. Unknown Sunken Barge, 418 F.3d 910 (8th Cir. 2005), the plaintiffs' counsel moved to reopen the time for filing an appeal from the district court's order granting the defendant summary judgment. Plaintiffs claimed that their counsel never received the district court's e-mail notice of the filing of an order denying the plaintiffs' motion to amend the court's summary judgment order, and so missed the

---

[5] Cases involving the alleged late receipt of a Notice, as opposed to non-receipt, likewise require more than an affidavit by the plaintiff and/or his attorney. See, e.g., McCall v. Bowen, 832 F.2d 862, 864 (5th. Cir. 2005) ("Although the court presumes that these statements, like all statements made or offered by an officer of the court, are made in good faith, they cannot provide a substitute for a more concrete showing that the plaintiff or her attorney actually did not receive the Secretary's notice within five days of the date of mailing. Otherwise, this court would be creating an exception to the Act by which a tardy claimant could avoid the jurisdictional requirements by merely asserting a late delivery of the notice of the Secretary's decision."); Pettway ex rel. Pettway v. Barnhart, 233 F. Supp. 2d 1354, 1356-59 (S.D. Ala. 2002) ("In every known case in which a reasonable showing of delayed or failed receipt has been judicially acknowledged, the plaintiff offered evidence corroborating his or her denial of timely receipt.").

deadline for filing an appeal. The Eighth Circuit held that a presumption of delivery applied to e-mails sent by a court clerk, but that the plaintiffs had made a sufficient showing to be entitled to an evidentiary hearing on whether they adequately rebutted the presumption. This conclusion was based on the following evidence that the plaintiffs had presented: affidavits of non-receipt by the plaintiffs' four attorneys as well as by the defendant's lead counsel, all of whom were intended recipients of the e-mail notice; the fact that the district court's e-mail system had only been in operation for a few weeks when the notice was presumtively sent and any new computer system is subject to a certain number of "gliches"; and the fact that the system was not operating as intended, as none of the attorneys who were to receive paper notice received a copy of the court's order. Id. at 914.

The Eighth Circuit explained and held as follows:

As a practical matter, it is never easy to prove a negative. In cases involving lack of notice, there is often little a party can do except swear he or she did not receive the communication. Here, where several intended recipients, most of whom are officers of the court, all say they did not receive notice, there is enough evidence to warrant an evidentiary hearing on the rebuttal of the presumption of delivery and receipt.

Id. (internal citation omitted).

Here, Plaintiff's evidence of non-receipt falls far short of that presented in American Boat Co. The Court concludes that Plaintiff's evidence is simply inadequate to rebut the presumption at issue, and further, that said evidence is inadequate to entitle Plaintiff to an evidentiary hearing on the matter. Were it otherwise, as stated by the court

in McCall, "this court would be creating an exception to the Act by which a tardy claimant could avoid the jurisdictional requirements by merely asserting a late delivery of the notice of the Secretary's decision." McCall, 832 F.2d at 864.

Equitable tolling of the 60-day limitation period is allowed "in some cases," and specifically in those cases "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." City of New York, 476 U.S. at 480 (citation omitted). Courts, including the Eighth Circuit, allow equitable tolling in situations where the plaintiff had actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where circumstances involved conduct by someone other than the plaintiff that was misleading such as where the plaintiff had been induced by the SSA's misconduct into allowing the filing deadline to pass. See Medellin v. Shalala, 23 F.3d 199, 204 (8th Cir. 1994); Turner, 862 F.2d at 710. Equitable relief, however, is typically extended "only sparingly," Medellin, 23 F.3d at 204, and tolling is not warranted when late filing is the result of a "garden variety" of excusable neglect by the plaintiff's attorney. Harris v. Chater, No. 95-1013, 1995 WL 620015, at *1 (8th Cir. Oct. 24, 1995) (unpublished per curiam) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

Here, Plaintiff has provided no persuasive argument for equitable tolling in this case. Plaintiff received a letter from the SSA on September 28, 2005, advising him that he had 25 days to submit additional information or evidence. Plaintiff has not asserted that he did not receive this letter. The next time Plaintiff contacted the Appeals Council

was eight months later, on June 7, 2006, when counsel belatedly sought to appeal the ALJ's decision to the Appeals Council. One and a half years passed between Plaintiff's last submission of evidence on September 13, 2006, and February 7, 2008, when Plaintiff first inquired into the status of his appeal. This does not suggest a record of diligence that calls for the application of equitable tolling.

## CONCLUSION

Plaintiff has failed to rebut the presumption that he or his attorney received the Notice of Decision within five days of November 18, 2005, and Plaintiff has failed to show that circumstances exist to justify equitable tolling.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **GRANTED**. [Doc. #14]

A separate Judgment shall accompany this Memorandum and Order.

AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of July, 2009.